



ENTERED
12/05/2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| REINA SALGADO | § | CASE NO: 16-32236 |
| Debtor(s) | § | |
| | § | CHAPTER 13 |
| | § | |
| REINA SALGADO | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 16-3136 |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| EDUCATION, *et al* | § | |
| Defendant(s) | § | |

## MEMORANDUM OPINION

Debtor Reina Isabel Salgado filed this adversary proceeding against the U.S. Department of Education ("DOE") and the Education Credit Management Corporation ("ECMC") seeking declaratory relief that she does not owe any amount on a student loan. ECMC filed an original and an amended answer in defense of its attempts to collect the student loan amount from Salgado. The Court grants Salgado declaratory relief that she never owed the DOE or ECMC any amount on a student loan, and directs ECMC to refund all monies proven to be garnished, intercepted, or collected from Salgado.

### Jurisdiction

The District Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) & (I). *See In re McLaren*, 990 F.2d 850, 853 (6th Cir. 1993) ("A suit by a third party creditor . . . against the debtor (and thus the bankruptcy estate) is a core proceeding under § 157(b)(2)(B) of the Bankruptcy Code."); *see also Matter of Nat'l Gypsum Co.*, 118 F.3d 1056, 1063 (5th Cir. 1997) ("Courts have held that actions

to enforce the discharge injunction are core proceedings because they call on a bankruptcy court to construe and enforce its own orders."); 4 COLLIER ON BANKRUPTCY, ¶ 524.02[2][c] at 524–27 (16th ed. 2013) ("A proceeding to enforce the discharge injunction is a core proceeding under section 157(b)(2)(O) of title . . . ."). Because this is a core proceeding, the Court has congressional authority to render a final judgment.

Nevertheless, this Court may not issue a final order or judgment in matters within the exclusive authority of Art. III courts. *Stern v. Marshall*, 564 U.S. 462, 502 (2011). Both parties consented to this Court's authority to enter a final judgment in this proceeding. (ECF No. 1 at 1–2; ECF No. 23 at 2). Accordingly, this Court has constitutional authority to rule on Salgado's complaint. *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932, 1939 (2015) ("We hold that Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge.").

**Facts**

On April 30, 2016, Salgado filed a voluntary chapter 13 petition in this Court. (Case No. 16-32236). Salgado is 61 years old and speaks Spanish. (ECF No. 1 at 3). Salgado does not speak English. Salgado listed within her Schedule F a disputed educational loan as a claim by the DOE and ECMC against the bankruptcy estate. (ECF No. 1 at 2). The loan was taken out under Salgado's name for $4,000.00 pursuant to the Family Education Loan Program on May 10, 1989. Def. Ex. 1 & 3. The loan application lists Salgado as a student and states that the loan was taken out for tuition at the Institute of Cosmetology & Esthetics. Def. Ex. 1 & 3.

On October 30, 1997, the loan was placed into the DOE's collection database after it was determined to be in default. Def. Ex. 3 at 1. At the time the DOE received the loan, the loan's balance included $4,592.26 in unpaid principal, $2,856.73 in accrued interest, and $1,333.91 in

fees. *Id.* Interest continued to accrue on the loan at the rate stipulated on the loan's promissory note. *Id.* On January 28, 2011, the DOE offset Salgado's alleged loan balance $3,270.79 by intercepting her federal or state tax refund. *Id.* at 2. Subsequently, on March 18, 2013, the DOE assigned its rights, title, and interest in multiple student loans to ECMC, including Salgado's loan. Def. Ex. 2 & 9. As of June 23, 2016, Salgado's projected loan balance was $4,979.79, which included the loan's principal, interest, and collection costs. Debtor's Ex. 9.

On July 7, 2016, Salgado, ECMC, and the DOE agreed to the dismissal of the DOE as a party in the adversary proceeding because the DOE no longer held any loans against Salgado and was thus no longer owed money by Salgado. (ECF No. 9 at 1).

In response to ECMC's collection efforts on the loan, Salgado has consistently claimed that she never obtained nor signed a student loan for herself or anyone else. (ECF No. 1 at 2). Salgado asserts that she never received a check for educational purposes and never cashed or endorsed such a check. (ECF No. 1 at 2). To explain the presence of her name on the promissory note, Salgado claims that her identity was stolen and her name fraudulently signed on the note. (ECF No. 1 at 2); *see also* Def. Ex. 4 (chronicling Salgado's attempt to suspend ECMC's collection efforts due to false certification of Salgado's name on the promissory note). As evidence of the fraudulent nature of the signature on the note, Salgado points to discrepancies between: her driver's license number and the number listed on the application for the loan; her identification card number and the number listed on the application; her social security number and the number listed on the application; the names of her relatives and the names listed on the application; and her signature and the signature on the application. 9/1/2016 Hearing at 11:20:17 a.m.

## Analysis

At the conclusion of the September 1, 2016, hearing in this proceeding, the Court announced that it credited Salgado's testimony but would give ECMC until October 31, 2016, to demonstrate that the signature on the promissory note is that of Salgado. 9/1/2016 Hearing at 11:52:51 a.m. ECMC produced no such evidence by the filing deadline provided by the Court. Because of ECMC's failure to produce such evidence, as well as the compelling testimony and evidence introduced by Salgado, the Court finds that Salgado did not sign the loan and consequently does not owe ECMC for the outstanding loan amount. The Court concludes that Salgado's name and signature appeared on the promissory note by fraud through identity theft. Accordingly, the Court finds that the student loan debt is invalid and thus has no legal effect as to Salgado. ECMC must refund Salgado $3,270.79[1], which represents all monies proven via the evidence submitted to have been garnished, intercepted, or collected from Salgado.[2] Def. Ex. 3.

## Conclusion

The Court will issue a judgment consistent with this Memorandum Opinion.

SIGNED **December 2, 2016.**

                                                                     Marvin Isgur
                                    UNITED STATES BANKRUPTCY JUDGE

---

[1] Although Salgado's testimony implied that additional funds had also been withheld, only the $3,270.79 was proven by a preponderance of the evidence.

[2] The Court recognizes that ECMC is the successor to the DOE on the loan; however, the Court does not address the relationship between ECMC and the DOE with respect to the ultimate source of the refund to Salgado.